ACCEPTED
01-14-00380-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
7/23/2015 5:45:26 PM
CHRISTOPHER PRINE
CLERK

NO. 01-14-00380-CV

IN THE COURT OF APPEALS
FOR THE FIRST DISTRICT OF TEXAS
HOUSTON, TEXAS

FILED IN
COURT OF APPEALS
HOUSTON, TEXAS
7/23/2015 5:45:26 PM
CHRISTOPHER A. PRINE
Clerk

MABEL NEBO GIBSON,

*Appellant,*

V.

EKTO HOLDINGS, TRUSTEE OF
17330 BARONSHIRE TRUST UDT 6/25/13,

*Appellee.*

## APPELLEE'S RESPONSE TO APPELLANT'S MOTION FOR REHEARING AND TO REINSTATE CASE ON DOCKET

TRIAL COURT CASE NUMBER 1045664
TRIAL COURT: County Civil Court At Law Number Three (3),
Harris County, Texas
The Honorable Linda Storey, Judge Presiding

J. PATRICK COULSON
Attorney At Law
P. O. Box 262683
Houston, Texas 77207-2683
(713) 944-3811 (Telephone)
(713) 944-3827 (Facsimile)
patcoulson@sbcglobal.net
Counsel for Appellee

1

TO THE HONORABLE FIRST COURT OF APPEALS:

Appellee, EKTO Holdings, Trustee Of 17330 Baronshire Trust UDT 6/25/13, files this its Appellee's Response To Appellant's Motion For Rehearing And To Reinstate Case On Docket. This response is filed subject to the Court Of Appeals granting Appellee's motion to reinstate the appeal.

1. The Judgment of the Trial Court was signed April 24, 2014. This cause was filed in this Court on May 8, 2014. This appeal was dismissed for want of prosecution by Order dated September 18, 2014 on grounds that Appellant had not established indigence and neither paid nor made arrangements to pay for the clerk's record. A motion for rehearing was to be filed by October 3, 2014. Appellant filed her motion for rehearing and reinstate the appeal on October 16, 2014. The clerk's record was filed on October 17, 2014. This Court ordered a response to the motion for rehearing be filed by November 24, 2014. Appellant filed for bankruptcy and this appeal was stayed on November 13, 2014. Appellant's first bankruptcy was dismissed on November 20, 2014. A true and correct copy of such Order is attached hereto as Exhibit "A" and incorporated herein.

Thereafter, Appellee sought to gain possession of the premises via a Writ of Possession. In response and before such writ could be served, Appellant filed a

second bankruptcy case. Appellee the sought and obtained an Order lifting the bankruptcy stay on January 13, 2015 for purposes of enforcing a Writ Of Possession (as Appellant had not filed a supercedeas bond). A certified copy of the Order lifting the stay and allowing Appellee to pursue its state law remedies is attached hereto as Exhibit "B" and incorporated herein.

Appellee then served a Writ Of Possession at the premises on January 26, 2015. The served Writ Of Possession is attached hereto as Exhibit "C" and incorporated herein. Appellant removed her personal property from the premises and the premises was secured. See, Exhibit "C", page 7. Subsequently, the second bankruptcy case was dismissed on March 24, 2015. A true and correct copy of the Order Of Dismissal of the second bankruptcy is attached hereto as Exhibit "D" and incorporated herein.

2. Appellant's motion for rehearing is based upon a medical emergency of her husband which diverted her attention and ability to respond to the notice of dismissal. The motion for rehearing only addresses her inability to respond to the dismissal of the appeal on September 18, 2004. It does not address her failure and omission leading up to and giving rise to the dismissal; namely, Appellant's failure to timely pay or make arrangements to pay for the clerk's record.

The relevant time periods involved in this appeal were all during the year

2014. However, the documentation attached in support of Appellant's motion for rehearing is dated in the years 2012 and 2013. A motion for rehearing must clearly state the points relied upon for rehearing. Tex. R. App. P. 49.1. Appellant does not state any points which address her inability to respond to the notice of dismissal. Nor does Appellant state any point which addresses her failure to timely pay or make arrangements to pay for the clerk's record.

Appellant initiated this appeal and, therefore, has the burden to pay or make arrangements to pay for the clerk's record as per Tex. R. App. P. 37.3(c). Appellant was given notices and extensions of time to do these things. Despite repeated notices from the Clerk of this Court, Appellant did not timely accomplish any of these fundamental requirements and has not demonstrated indigence to excuse such failures. Appellant filed her motion for rehearing outside of the noticed time period. Further, Appellant paid for and finally filed the clerk's record only after she realized that the appeal had been dismissed. Appellant has not sought from this Court an extension of time to file either the motion for rehearing or the clerk's record outside of respective time periods required. It is apparent that Appellant has failed to diligently prosecute her appeal and her motion for rehearing and to reinstate this case on the docket should be denied.

## PRAYER FOR RELIEF

For the reasons set forth above, Appellee requests that this Court deny the Appellant's Motion For Rehearing And To Reinstate Case On Docket. Appellee further prays for all other relief to which it may be entitled.

Respectfully submitted,

/s/ J. PATRICK COULSON
**J. PATRICK COULSON**
Attorney At Law
Texas Bar No. 04878100
P. O. Box 262683
Houston, Texas 77207-2683
(713) 944-3811 (Telephone)
(713) 944-3827 (Facsimile)
patcoulson@sbcglobal.net
COUNSEL FOR APPELLEE

## CERTIFICATE OF SERVICE

I certify that on July 23, 2015, I mailed a copy of this document to the last known address of the following counsel or pro se parties by certified mail, return receipt requested and by priority mail:

Mabel Nebo Gibson
17330 Baronshire
Houston, Texas 77070

/S/ J. PATRICK COULSON
**J. PATRICK COULSON**

Total word count = 910

# EXHIBIT "A"

EXHIBIT "A"

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**

In Re:  Mabel Gibson

                                                    Case No.: 14–36047                    **ENTERED**
                                                                                          **11/20/2014**
        Debtor

                                                    Chapter:  13

---

### ORDER OF DISMISSAL

        Appropriate notice having been given that the case would be dismissed without further notice if the debtor failed to comply with the Deficiency Order issued in this case, and

        The Clerk having informed the court that the debtor has failed to satisfy the deficiency, as set out in the docket entry for this order

        **It is ORDERED that this case is DISMISSED.**


Signed and Entered on Docket: 11/20/14

                                                    _____
                                                              JEFF BOHM
                                                    United States Bankruptcy Judge

EXHIBIT "B"

EXHIBIT "B"



*Form O-300*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

**ENTERED**
**01/13/2015**

| | | |
|---|---|---|
| In re: | § | Case No. 14-36758 |
| | § | (Chapter 13) |
| MABEL GIBSON | § | |

**DEFAULT/UNOPPOSED/UNCONTESTED ORDER GRANTING RELIEF FROM AUTOMATIC STAY**
**[AND CO-DEBTOR STAY, IF APPLICABLE]**
**(This Order Resolves Docket #16)**
**[FORM TO BE FILED AT LEAST TWO BUSINESS DAYS BEFORE THE**
**SCHEDULED HEARING IF NO RESPONSE HAS BEEN FILED]**

EKTO Holdings, Trustee of 17330 Baronshire Trust UDT 6/25/13 ("Movant"), filed a motion for relief from the automatic stay [and the co-debtor stay, if applicable] against real property commonly described as 17330 Baronshire Drive, Houston, Texas 77070 and legally described as: LOT 8, BLOCK 9, MEMORIAL CHASE, SECTION THREE (3), ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 210, PAGE 1 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS. (the "Property"). Movant represented to the Court that it had served the motion in accordance with all applicable rules and provided notice of the hearing. As certified by Movant's counsel, there is no effective opposition to the requested relief. Accordingly, the Court grants relief.

It is ordered that Movant is granted relief from the automatic stay [and the co-debtor stay, if applicable] to pursue its state law remedies, including foreclosure, repossession and/or eviction with respect to the Property.

**JAN 1 3 2015**

ReservedForJudgeSignature

IF NO OPPOSITION OR REQUEST FOR HEARING HAS BEEN FILED 5 DAYS BEFORE THE SCHEDULED HEARING ON THE MOTION TO LIFT STAY, MOVANT MAY COMPLETE AND FILE THE FOLLOWING CERTIFICATION. IF THE CERTIFICATION IS MADE AT LEAST 2 DAYS PRIOR TO THE HEARING, MOVANT NEED NOT ATTEND THE HEARING. THE COURT WILL EITHER ISSUE THE DEFAULT ORDER OR WILL RESCHEDULE THE HEARING IF THE COURT DETERMINES THAT A HEARING IS NEVERTHELESS NECESSARY.

**Counsel's Certification:**
Movant's motion for relief from the stay was served in accordance with applicable bankruptcy rules on December 22, 2014. I have reviewed the docket sheet in this case to confirm the accuracy of the statements in this certification. Any trustee response that has been filed reflects an absence of opposition. Additionally, I certify that (i) no response has been filed by the debtor or any creditor; (ii) although a response was filed, the only responses reflected an absence of opposition to the requested relief; or (iii) although a response was filed, the response did not deny ANY of the factual allegations in the motion.

/s/ Robert L. Negrin
Movant's counsel signature
Name: . Robert L. Negrin
State Bar No.: 14865550
S.D. Tex. Bar No.: 8843
Address: 550 Westcott, Suite 560, Houston, TX 77007
Telephone: (713) 293-3650
Fax: (858) 412-2798
E-mail: rnegrin@piteduncan.com



January 8, 2015
Date

TRUE COPY I CERTIFY
ATTEST:
DAVID J. BRADLEY, Clerk of Court
By

**EXHIBIT "C"**

**EXHIBIT "C"**



**J6342263**

10-8-14 4/7 HI
302 pm
329L

**Docket Number: 1045664**
**Receipt Number: 984267          10/01/2014          $125.00**

EKTO HOLDINGS, ET AL
VS.
MABEL NEBO GIBSON ET AL

TENANT CHECK
CLEAR

In The County Civil Court at Law No. Three (3)
201 Caroline / Suite 532
Houston, Harris County, Texas 77002

2014 OCT -7 AM

### THE STATE OF TEXAS
## WRIT OF POSSESSION ON PROPERTY (COURT JUDGMENT)

449
329L

To Any Sheriff or Constable or Authorized Person of the State Of Texas.

Whereas, on the 24th day of April, 2014, plaintiff(s) in the above numbered and styled cause recovered judgment against defendant(s), MABEL NEBO GIBSON and all occupants of the following described property situated in this county: 17330 Baronshire, Houston, Harris County, Texas 77070 ("Premises")

And whereas, five days or more have expired from the time the judgment was signed.

**You are hereby commanded** to post a written warning of at least 8 ½ by 11 inches on the exterior of the front door of the premises, notifying the defendant that the writ has been issued and that it will be executed on or after a specific date and time stated in the warning not sooner than 24 hours after the warning is posted.

**You are further commanded** on the execution of this writ, to deliver possession of the premises to plaintiff(s), and to:

(1) Instruct the defendant and all persons claiming under the defendant to leave the premises immediately, and if the persons fail to comply, physically remove them.

(2) Instruct the defendant to remove or allow the landlord's representatives, or other persons acting under your supervision to remove all personal property from the premises, other than the personal property claimed to be owned by the plaintiff; and

(3) Place, or have an authorized person place, the moved personal property outside the premises at a nearby location, but not blocking a public sidewalk, passageway, or street and not while it is raining, sleeting or snowing.

**You are further authorized**, at your discretion, to engage the services of a bonded or insured warehouseman to remove and store, subject to applicable law, part of all of the property at no cost to the plaintiff or the officer executing the writ.

**You are notified** that under section 7.003 of the civil practice and remedies code, you are not liable for damages resulting from the execution of the writ if you execute the writ in good faith and with reasonable diligence.

Make due return of this writ by showing how you executed it.

STAN STANART
COUNTY CLERK
HARRIS COUNTY TEXAS
2015 JAN 29 AM 8:15
FILED

## OFFICER'S RETURN

Came to hand on _____, at _____ o'clock ___.M. and

executed in _____ County, Texas, by delivering to each of the within named Defendants, in person, a true copy of this Citation together with the accompanying copy of the Plaintiff's petition, at the following time and places to-wit:

| NAME | DATE | | | TIME | PLACE OR ADDRESS OF SERVICE |
|------|------|------|------|------|------|
| | Month | Day | Year | Hour / Min. - AM/PM | |
| | | | | | |
| | | | | | |
| | | | | | |

and not executed as to the Defendant _____

_____

the diligence used in finding said Defendant , being _____

_____

and the cause of failure to execute this process is: _____

and the information received as to the whereabouts of the said Defendant , being: _____

_____

_____(Sheriff)

(Authorized Person)                                                                                       (Constable)

Sworn to and subscribed before me this _____ day _____ County, Texas

of _____

By _____, Deputy

(Notary Public)

_____

## RETURN FOR NOTICE TO SERVE NON-RESIDENT DEFENDANT

STATE OF _____ §

COUNTY OF _____ §

Before me, the undersigned authority, personally appeared _____,

a person competent to make oath, and who by me being duly sworn, deposes and says; that this notice came to hand on _____

_____, at _____ o'clock A.M./P.M., and executed by delivering

to defendant, _____, in person, at _____

in _____, County _____, State of

_____, on _____, at _____ o'clock

A.M./P.M., a true copy of the notice, with a copy of plaintiff's petition attached thereto.  He further says that he is in no manner interested in this Suit.

_____

Sworn to and subscribed before me,

_____.

_____(Sheriff)

(Constable)

_____, County,

State of _____

By _____ Deputy

MABEL NEBO GIBSON ET AL
Person To Serve: GIBSON,
Tracking #: J63412263
Cause #: 1045664

Form No. H-01-28 (Rev. 08/01/2011)

**Docket Number: 1045664**

Issued and given under my hand and the seal of said court, at Houston, Texas, on this 3rd day of October, 2014.

(SEAL)

STAN STANART, County Clerk
County Civil Court at Law No. Three (3)
201 Caroline, Suite 300
Harris County, Texas

Claudia Torres
Deputy County Clerk

REQUESTED BY:   J PATRICK COULSON
ATTORNEY AT LAW
P O BOX 262683
HOUSTON, TEXAS 77207

CAME TO HAND ON THE _____ DAY OF _____, _____ AT _____

O'CLOCK ____. M., AND EXECUTED ON THE _____ DAY OF _____, _____

AT _____ O'CLOCK ___.M., _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____          _____

(AUTHORIZED PERSON)                         (SHERIFF / CONSTABLE)

                                      BY _____ DEPUTY

_____          _____COUNTY, TEXAS

(NOTARY)

UNOFFICIAL COPY

## OFFICER'S RETURN

Came to hand on _____, at _____ o'clock ___M. and

executed in _____ County, Texas, by delivering to each of the within named Defendants, in person, a true copy of this Citation together with the accompanying copy of the Plaintiff's petition, at the following time and places to-wit:

| NAME | DATE | | | TIME | PLACE OR ADDRESS OF SERVICE |
|------|------|-----|------|------|------------------|
| | Month | Day | Year | Hour / Min. - AM/PM | |
| | | | | | |
| | | | | | |
| | | | | | |

and not executed as to the Defendant _____

_____

the diligence used in finding said Defendant , being _____

_____

and the cause of failure to execute this process is: _____

and the information received as to the whereabouts of the said Defendant , being: _____

_____

_____(Sheriff)

(Authorized Person)                                                                                         (Constable)

Sworn to and subscribed before me this _____ day _____ County, Texas

of _____

                                                          By _____, Deputy

(Notary Public)

_____

### RETURN FOR NOTICE TO SERVE NON-RESIDENT DEFENDANT

STATE OF _____ §

COUNTY OF _____ §

Before me, the undersigned authority, personally appeared _____,

a person competent to make oath, and who by me being duly sworn, deposes and says; that this notice came to hand on _____

_____, at _____ o'clock A.M./P.M., and executed by delivering

to defendant, _____, in person, at _____

in _____, County_____, State of

_____, on_____, at _____ o'clock

A.M./P.M., a true copy of the notice, with a copy of plaintiff's petition attached thereto. He further says that he is in no manner interested in this Suit.

Sworn to and subscribed before me, _____

_____.

_____(Sheriff)

(Constable)

_____, County,

State of _____

                                                          By _____ Deputy

Form No. H-01-28 (Rev. 08/01/2011)

NOT AN OFFICIAL COPY-2017006 (watermark)



Office of
**Ron Hickman, Constable**
Precinct 4, Harris County
6831 Cypresswood Drive
Spring, Texas 77379-7706
(281) 376-3472

# NOTICE!

Cause # *1045664*

***A WRIT OF POSSESSION*** has been issued by the *County Civil Ct #3*
Court for the removal of **ALL OCCUPANTS AND PERSONAL PROPERTY** from the
premises that you now occupy. As a courtesy, we will allow you to vacate the premises ***WITHIN***
***24 HOURS FROM THE LISTED DATE*** or it will be our unpleasant duty to evict you from the
premises on that date and have your property stored ***at your expense*** in a bonded warehouse.
This will be your **FINAL** notice.

Thanking you in advance for your full cooperation.

Address: *17330 AARONSHIRE Houston TX 77070*

Date Delivered: *10-14-14*     Time Delivered: *9:15 Am*

Delivered by: *Dep. J S Coleman*

*MOVE OUT IS SET FOR MONDAY
10-20-14. YOU MUST VACATE
RESIDENCE BY MIDNIGHT
SUNDAY 10-19-14 TO AVOID VERY
HIGH MOVING + STORAGE COST
TO YOU.*

**Constable Ron Hickman**
**Harris County Precinct 4**
**330 Meadowfern Drive, 2nd Floor**
**Houston, Texas 77067**
**281-401-6360**

UNOFFICIAL COPY



Office of
**Ron Hickman, Constable**
Precinct 4, Harris County
6831 Cypresswood Drive
Spring, Texas 77379-7706
(281) 376-3472

# NOTICE!

Cause # _1045664_

*A WRIT OF POSSESSION* has been issued by the _____
Court for the removal of **ALL OCCUPANTS AND PERSONAL PROPERTY** from the
premises that you now occupy. As a courtesy, we will allow you to vacate the premises *WITHIN*
*24 HOURS FROM THE LISTED DATE* or it will be our unpleasant duty to evict you from the
premises on that date and have your property stored *at your expense* in a bonded warehouse.
This will be your **FINAL** notice.

Thanking you in advance for your full cooperation.

Address: _17330 BARONSHIRE DRIVE HOUSTON TX 77070_

Date Delivered: _1-21-15_          Time Delivered: _1 10 PM_

Delivered by: _J S Coleman_
MOVE OUT IS SET FOR MONDAY 1-26-15.
YOU ALREADY FILED 2 BANKRUPTCYS.
IF YOU FILE ANOTHER ONE IT WILL NOT
STOP THE MOVE OUT. THERE IS NO ~~AUTOMATIC~~
AUTOMATIC STAY ON THE 3RD BANKRUPTCY.
THE OWNER IS NOT GOING TO SELL ~~YOU~~ YOU THE
HOUSE. IF YOU ARE HERE MONDAY I WILL
HAVE A BONDED WAREHOUSE MOVE YOU OUT.

Constable Ron Hickman
Harris County Precinct 4
330 Meadowfern Drive, 2nd Floor
Houston, Texas 77067
281-401-6360

UNOFFICIAL COPY NOT THE ORIGINAL

# CONSTABLE'S WRIT RETURN

Cause#: **1045664**

In the case of **EKTO HOLDINGS** vs. **MABEL NEBO GIBSON** , a Writ of Possession came to hand this **8** day of **OCTOBER** ,20 **14** at **3** : **02** AM (PM) and executed in Harris County by posting/delivering a notice as allowed by law (copy attached) at **17330 BARONSHIRE** in Precinct 4, in **HOUSTON** . Texas **77070** executed by the following method:

☒ Entry was made by the Landlord (Agent) , **PAT COULSON** , and the Tenant and all persons claiming to be a tenant were instructed to leave premises.

☐ Tenant's possessions were removed from the premises and secured at a Bonded and Insured Warehouse (copy of property inventory form(s) attached.)

    ☐ A true copy of the Writ and copy of the Warehouseman's Notice and Property Inventory Form(s) were delivered to the tenant.

    ☐ Tenant had left premises and a copy of the Writ, Warehouseman's Notice and Property and Inventory Form(s) were attached to the exterior of the front door of the premises and copies were mailed by first class to the Tenant.

☒ Tenant removed his/her personal property and no property was removed or secured for storage at a Bonded and Insured Warehouse.

☐ Entry was made by the Landlord Agent , _____ , and the Tenant was not present during the execution of the Writ.

    ☐ Tenant's possessions were removed from the premises and secured at a Bonded and Insured Warehouse (copy of property inventory form(s) attached.)

    ☐ A true copy of the Writ (and Warehouseman's Notice and Property and Inventory Form(s) if property was removed) were attached to the exterior of the front door of the premises and copies were mailed by first class to the Tenant.

    ☐ The premises were found to be abandoned and no property was removed or secured for storage at a Bonded and Insured Warehouse.

☐ The property was found to be vacant and the Landlord Agent , _____ directed me to return the Writ to court as the Tenant(s) had removed himself/themselves and their property.

☐ The Tenant paid the back rent and the Landlord Agent , _____ directed me to return the Writ to the court.

☐ The Plaintiff's Agent never responded and this Writ is being returned to court expired.

On this **26** day of **JANUARY** , 20 **15** at **9** : **30** (AM) PM

Fee: $125.00

Deputy Constable ___ **J S COLEMAN**
Ron Hickman, Constable
Precinct 4, Harris County
6831 Cypresswood Drive
Spring, Texas 77379

Page: 1 of **1**



J6344478

RECEIVED
RON HICKMAN
CONSTABLE, PCT 4
HARRIS CO TEXAS

2014 OCT 13 A 9:26

Office of
**Ron Hickman, Constable**
Precinct 4, Harris County
6831 Cypresswood Drive
Spring, Texas 77379-7706
(281) 376-3472

# NOTICE!

Cause # __1045664__

*A WRIT OF POSSESSION* has been issued by the *County Civil Court at Law No. Three* (3) Court for the removal of **ALL OCCUPANTS AND PERSONAL PROPERTY** from the premises that you now occupy. As a courtesy, we will allow you to vacate the premises *WITHIN 24 HOURS FROM THE LISTED DATE* or it will be our unpleasant duty to evict you from the premises on that date and have your property stored *at your expense* in a bonded warehouse. This will be your **FINAL** notice.

Thanking you in advance for your full cooperation.

Address: __17330 Baronshire Houston, Harris County, Texas 77070__

Date Delivered: __10/9/2014__    Time Delivered: __10:20 Am__

Delivered by: __Sgt. E L Davis, #8449__

**RECORDER'S MEMORANDUM:**
At the time of recordation, this instrument was found to be inadequate for the best photographic reproduction because of illegibility, carbon or photo copy, discolored paper, etc. All blockouts additions and changes were present at the time the instrument was filed and recorded.

**Constable Ron Hickman**
**Harris County Precinct 4**
**330 Meadowfern Drive, 2nd Floor**
**Houston, Texas 77067**
**281-401-6360**

EXHIBIT "D"

EXHIBIT "D"



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**ENTERED**
**03/24/2015**

| | | |
|---|---|---|
| IN RE: | § | |
| MABEL GIBSON | § | CASE NO: 14-36758 |
| Debtor(s) | § | |
| | § | CHAPTER 13 |

## O R D E R DISMISSING CASE

On this day came on to be considered Debtor's Motion to Voluntarily Dismiss the

bankruptcy petition. There being no opposition to the motion and the Court being of the

opinion the relief requested should be granted, it is

**ORDERED** that this case is **DISMISSED.**

SIGNED 03/24/2015.

Karen K. Brown
United States Bankruptcy Judge